# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| CHRISTINA BLACKBURN, | : Case No. 3:25-cv-00171 |
| Plaintiff, | : |
| | : District Judge Michael J. Newman |
| vs. | : Magistrate Judge Caroline H. Gentry |
| | : |
| NATIONAL HERITAGE ACADEMIES, INC., | : |
| | : |
| Defendant. | : |

## ORDER DISCHARGING ORDER TO SHOW CAUSE

This Court previously entered an Order to Show Cause as to why this case should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 8.) For the reasons discussed below, the Court concludes that the amount-in-controversy requirement is met. Accordingly, the Court's Order to Show Cause (Doc. No. 8) is **DISCHARGED**.

**I.  BACKGROUND**

Plaintiff Christina Blackburn originally filed her Complaint in the Montgomery County Court of Common Pleas, alleging state-law claims for disability discrimination, failure to accommodate, workers' compensation retaliation, and wrongful termination. (Complaint, Doc. No. 4.) Plaintiff seeks both equitable and legal relief. Specifically, Plaintiff requests a permanent injunction requiring Defendant National Heritage Academies, Inc. to, among other things, abolish discriminatory employment practices. (*Id.* at PageID 64.) Plaintiff also alleges that she has sustained "physical injury, physical sickness, lost wages, emotional distress, and other consequential damages," and seeks "an

1

amount in excess of $25,000 per claim to be proven at trial." (*Id.*) Additionally, Plaintiff seeks punitive damages "in an amount in excess of $25,000," attorneys' fees, and costs. (*Id.*)

Defendant removed the action to this Court based upon diversity of citizenship under 28 U.S.C. § 1332. (Notice of Removal, Doc. No. 1.) In the Notice of Removal, Defendant asserted that the amount in controversy exceeds $75,000. (*Id.* at PageID 2-3.) Upon review of Plaintiff's Complaint and the Notice of Removal, the Court concluded that Defendant had not plausibly alleged that the amount in controversy exceeds $75,000. Therefore, the Court issued an Order to Show Cause why this matter should not be remanded for lack of subject-matter jurisdiction. (Doc. No. 8.)

In its Response to the Order to Show Cause ("Response"), Defendant states that Plaintiff's Complaint alleges four separate causes of action and that Plaintiff demands damages in excess of $25,000 for each claim. (Response, Doc. No. 13 at PageID 92-93.) Defendant also states that Plaintiff made a pre-suit demand in the amount of $80,000 and that Plaintiff refused to stipulate that the amount in controversy is less than $75,000. (*Id.* at PageID 94-95.) Defendant further asserts that the compensatory damages claimed—coupled with Plaintiff's claims for punitive damages and attorney fees—meet the jurisdictional threshold. (*Id.* at PageID 96-97.)

II. **LEGAL STANDARD**

"[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . , which is not to be expanded by judicial decree[.]" *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003)

(internal citations omitted). This Court has a duty to review *sua sponte* whether subject-matter jurisdiction exists in each case before it. *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). *See also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

If the Court's subject-matter jurisdiction is uncertain, then this Court must strictly construe the removal statutes and resolve all doubts in favor of remand. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). This rule "makes sense" because if the Court finds that it lacks jurisdiction at any point of the proceedings (including on appeal) then it must dismiss the case and nullify all proceedings up to that point, "which serves no one's interests." *Total Quality Logistics, LLC v. Franklin*, No. 1:19-cv-266, 2020 U.S. Dist. LEXIS 155757, *8 (S.D. Ohio Aug. 27, 2020) (Cole, D.J.) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).

Diversity jurisdiction exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The amount in controversy is determined as of the date the complaint is filed. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990).

When the plaintiff specifies an amount of damages in the complaint and has a good-faith basis for doing so, the removing defendant can generally rely on that monetary demand to satisfy the amount-in-controversy requirement. 28 U.S.C. § 1446(c)(2). Such reliance is not permitted, however, if it appears to a legal certainty that damages cannot

be recovered in that amount. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1937)).

If the plaintiff does not specify an amount of damages in excess of $75,000 in the complaint, then the defendant's notice of removal must include a plausible allegation that the amount-in-controversy requirement is met. 28 U.S.C. § 1446(c)(2)(A)(ii); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). This happens regularly in this Court because the Ohio Rules of Civil Procedure bar most plaintiffs from specifying an amount of damages in excess of $25,000. *See* Ohio R. Civ. P. 8(A)(2).

If no one questions the amount in controversy pled in the notice of removal, then the removing defendant need take no further action. If, however, "the plaintiff contests, or the court questions, the defendant's allegation" regarding the amount in controversy, then the removing defendant must prove by a preponderance of the evidence that it exceeds $75,000. *Dart Cherokee*, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B)). *Accord Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (holding that the party invoking a federal court's subject-matter jurisdiction bears "the burden of demonstrating ***by competent proof*** that the complete-diversity and amount-in-controversy requirements are met") (emphasis added).

The Court may rely on "reasonable inferences and deductions" when determining whether the amount-in-controversy requirement has been met. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. Jan. 24, 2020). Notably, the Court is not "bound by the plaintiff's representations regarding" his or her estimate of the amount in controversy. *Id.*; *accord Graves v. Standard Ins. Co.*, No. 18-5449, 2019 U.S. App.

4

LEXIS 27526, *8-9 (6th Cir. Sept. 11, 2019) ("Despite Graves' statement under oath that the value of her claims was 'at least $883,000,' we conclude that the district court clearly erred in finding that the amount in controversy more likely than not was more than $75,000 at the time of removal").

### III. ANALYSIS

The Court concludes that Defendant has met its burden of establishing that the amount in controversy exceeds $75,000. Defendant cites to Plaintiff's settlement demand letter, which shows that Plaintiff made a pre-suit demand in the amount of $80,000. (Response, Doc. No. 13 at PageID 94 (citing Declaration of Chad Willits, Esq., Exhibit B: Settlement Communication Pursuant to Rule 408, Doc. No. 14-2 at PageID 113-14).) Defendant further cites Plaintiff's statements that the demand "reflects her 'reasonable' assessment of the value of her claims," and that "'her demand will increase' as the matter proceeds 'based on increases in recoverable incurred attorneys' fees' and other developments." (*Id.*)

Defendant also cites to evidence that shows that Plaintiff's claimed damages, if proven, likely exceed the amount-in-controversy requirement. According to Defendant, Plaintiff's alleged lost wages currently total over $38,000, without considering bonuses, additional wages for summer work, and "other valuable employment benefits." (Response, Doc. No. 13 at PageID 96 (citing Declaration of Chad Willits, Esq., Exhibit E: National Heritage Academies Payslip, Doc. No. 14-5 at PageID 120-21).) Defendant asserts that Plaintiff's alleged lost wages alone will total more than $75,000 "[s]hould this matter proceed into early 2026." (*Id.*) Defendant further asserts that "[e]ven a modest

5

punitive damages award" (should Plaintiff prevail on her disability discrimination and retaliation claims) and an award of attorney fees (if Plaintiff is successful on her workers' compensation retaliation claim) would further exceed the jurisdictional minimum. (*Id.* at PageID 96.) Although the existence of subject-matter jurisdiction is determined as of the date of removal, "future compensations that are claimed in the complaint are included in the total amount in controversy." *Naji v. Lincoln*, 665 F. App'x 397, 401-02 (6th Cir. 2016). Therefore, the Court can reasonably infer that Plaintiff's back wages, coupled with punitive damages and attorney fees, exceed the $75,000 requirement for diversity jurisdiction.

### IV. CONCLUSION

For the reasons stated, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the Court has subject-matter jurisdiction over the claims asserted in this case. Accordingly, the Court's Order to Show Cause (Doc. No. 8) is **DISCHARGED**.

**IT IS SO ORDERED.**

> *s/ Caroline H. Gentry*
> Caroline H. Gentry
> United States Magistrate Judge